DECISION
Plaintiff appeals Defendant's (Deschutes County Assessor) denial of its Application for Real and Personal Property Tax Exemption, filed March 15, 2010. A telephone trial was held on January 25, 2011. Don Wells (Wells), President of The TruckStop Skatepark (SkatePark), appeared on behalf of Plaintiff. Tana West (West), Deschutes County Assessment Manager, appeared on behalf of Defendant. Defendant Department of Revenue, State of Oregon, did not appear.
Defendant's Exhibits A through H were received without objection.
 I. STATEMENT OF FACTS
Wells testified that Plaintiff filed a similar appeal, TC-MD No 090013C, in this court for a prior year. He testified that the "only thing that has changed" from his prior appeal is that the skate park began its Sunday evening church service on April 18, 2010. Wells testified that approximately "60 to 100" children come to skate for free and hear the church service that is 30 to 60 minutes in length. He testified that Monday through Saturday there is a fee to skate at the park and it is commercially operated "to keep the doors open" for the Sunday service. Wells testified that the "entire venture is a non-profit." He testified that, in addition to the church *Page 2 
service held on Sunday evening, the subject property is available one night a week for Bible study and from time to time Young Life uses the subject property "during off hours." Wells testified that the building, 10,000 square feet, is "essential" because his program could not operate outside during the cold weather and his program could not be conducted in a house because the "kids are active." He testified that a skate shop occupies 300 to 400 square feet of the 10,000 square foot building. Wells testified that the SkatePark offers kids a "safe place to be, off the street" in a supervised building.
Wells, who is one of three directors "overseeing the organization," testified that he thinks the SkatePark would be exempt if it was closed during the week and only opened on Sunday for the church service. Wells testified that he does not understand how other churches are exempt when those organizations operate book stores, or how the Boys and Girls Club is exempt even though it charges a fee to use the Boys and Girls basketball court. West responded that a partial exemption can be allowed where there are both religious activities and other activities occurring on the same property. Wells emphasized that he wants what is "fair and good for the community" and believes that the SkatePark is "a great thing for the community, creating a positive element."
West concluded that, even though there is an "element of ministry" in the use of the facility for the SkatePark, Plaintiff has not "accomplished" the objectives stated in its "Core Belief Statement." (Def's Ex D.) West testified that Plaintiff's use of the subject property for its religious program is approximately 5 percent of the hours it is open. (Def's Ex E at 6 — 9.) *Page 3 
The advertised hours for Sunday are "6:00 p.m. to 8:00 p.m. Free Skating and Church [for ages] 18" and under and everyone is encouraged to "bring 1 can of food to help the community in Bend." (Def's Ex E at 7.) West referenced Plaintiff's website, stating that only 2 of the 46 pages of the website discuss the "Skate Church." (Def's Ex E.) She noted that a Facebook response to a posting asking "What is Skate Church all about?" stated that the "church part of it [is] only about 20 minutes" in between skate sessions and that other postings emphasized secular activities, including skate product promotions rather than religious purposes. (Def's Ex F at 4 — 7.) Wells disputed West's "5 percent use," testifying that the directors do "outreach work all week and continue it on Sunday."
West testified that the subject property's application for property tax exemption was denied because the "space" is not "dedicated exclusively" nor is the "space primarily used" for religious activities. She contrasted Plaintiff's operation to a similar operation, Subud Portland, where "62 percent of the hourly usage of the property is devoted to those [religious and charitable] practices." (Def's Ex H at 10.) West stated that the court concluded that Subud Portland's "primary use of the property, which is both religious and charitable, is reasonably necessary for * * * charitable and religious functions and that the property qualifies for property tax exemption under ORS 307.130 and ORS 307.140." (Id. at 13.) Wells testified that Plaintiff is not seeking an exemption for the use of the subject property as charitable. He testified that Plaintiff meets the statutory requirements of ORS 307.140 because the subject property is used for "recreation, administration, charity and it is an essential house of public worship." *Page 4 
 II. ANALYSIS
Plaintiff seeks an exemption for leased property that is described as primarily used for the advancement of its religious purposes and goals. ORS 307.140, [1] in pertinent part, provides a property tax exemption for religious organizations:
 "`Upon compliance with ORS 307.162, the following property owned or being purchased by religious organizations shall be exempt from taxation:
 "(1) All houses of public worship and other additional buildings and property used solely for administration, education, literary, benevolent, charitable, entertainment and recreational purposes by religious organizations, the lots on which they are situated, and the pews, slips and furniture therein. However, any part of any house of public worship or other additional buildings or property which is kept or used as a store or shop or for any purpose other than those stated in this section shall be assessed and taxed the same as other taxable property."
ORS 307.112 makes the exemption under ORS 307.140 available to lessees, like Plaintiff. It states:
 "(1) Real or personal property of a taxable owner held under lease, sublease or lease-purchase agreement by an institution, organization or public body, other than the State of Oregon, granted exemption or the right to claim exemption for any of its property under ORS 307.090, 307.130, 307.136, 307.140, 307.145 or 307.147, is exempt from taxation if:
 "(a) The property is used by the lessee or, if the lessee is not in possession of the property, the entity in possession of the property in the manner, if any, required by law for the exemption of property owned, leased, subleased or being purchased by it; and
 "(b) It is expressly agreed within the lease, sublease or lease-purchase agreement that the rent payable by the institution, organization or public body has been established to reflect the savings below market rent resulting from the exemption from taxation."
Plaintiff has complied with the requirements of ORS 307.112 insofar as it has been using the subject property and the terms of its lease include a provision for a below market rent tied to securing an exemption for the leased subject property. *Page 5 
To qualify for a property tax exemption under ORS 307.140, the primary use of the subject property must be the advancement of the religious organization's purposes and goals. The emphasis is on primary use as contrasted with incidental use of the property.Golden Writ of God v. Dept. of Rev.,300 Or 479, 483, 713 P2d 605 (1986).
Plaintiff's authorized representative maintains the same belief he did at the time of the court's prior trial on the same issue:
 "Plaintiff believes the subject property qualifies for exemption under ORS 307.140 because: (1) it `is a house of public worship * * * used solely for the purpose of our religious organization using entertainment and recreation to make our mission possible,' (2) it `is absolutely necessary to accomplish the religious objective of the organization,' and (3) `[t]he actual use and occupancy of the property is completely consistent with our claimed necessity. All we do will have the idea of ministry at its core.'"
The Truck Stop v. Deschutes County Assessor, TC-MD No 090013C at 5 (Dec Jan 22, 2010.) In denying Plaintiff's prior appeal, the court concluded that "the subject property is a skate park, indistinguishable from other skate parks operated for secular purposes." (Id. at 6.) Plaintiff attempted to address the court's concern that the subject property was not used primarily for qualifying religious activities and there was no written promotion of its religious purpose by including a reference to the skate church on its website and by promoting the Sunday evening free skate and collecting food for local charities in lieu of an admission fee. Unfortunately, Plaintiff has not met the statutory requirements. Plaintiff's primary use of the subject property is a skate park. The subject property's use for a skate church is an incidental use. The limited number of operating hours devoted solely to public worship and activities related to that purpose is significantly less than the time devoted to operation of a commercial or fee-based skate park. There is no evidence to the contrary. Even the promotion of the skate church focuses on skate product promotions and other non-religious promotions. ORS 307.140 clearly states that "any part of any house of public worship or other additional buildings or property which is kept or *Page 6 
used as a store or shop or for any purpose other than those stated in this section shall be assessed and taxed the same as other taxable property." The subject property's primary non-religious use requires that it be "assessed and taxed the same as other taxable property."
 III. CONCLUSION
After careful consideration of the testimony and evidence, the court concludes that Plaintiffs primary use of the subject property is for a commercial skate park and its incidental use is for a religious purpose, a skate church. Plaintiffs incidental use of the subject property for activities that benefit the community is not sufficient to entitle it to property tax exemption. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal is denied.
Dated this ___ day of March 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on March 1, 2011. The Court filed and entered this documenton March 1, 2011.
[1] References to the Oregon Revised Statutes (ORS) are to 2009. *Page 1